# In the United States Court of Federal Claims

No. 16-432C
(Filed: November 16, 2016)

* * * * * * * * * * * * * * * * * * * * * * * * * *
\*
JOHN L. CORRIGAN,                          \*
                                           \*
         Plaintiff,                        \*
                                           \*
    v.                                     \*
                                           \*
THE UNITED STATES,                         \*
                                           \*
         Defendant.                        \*
                                           \*
* * * * * * * * * * * * * * * * * * * * * * * * * *

FILED
NOV 1 6 2016
U.S. COURT OF
FEDERAL CLAIMS

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss the complaint. For the reasons stated below, the Court grants Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

### Background

Plaintiff pro se John Corrigan is a United States citizen and resident of Washington. Plaintiff was an examiner for the National Credit Union Administration ("NCUA")[1] from November 1999 until February 2016. Compl. ¶ 1. Plaintiff claims that in 2015, NCUA refused to change his duty station from Seattle to his home in Belfair, Washington, some 70 miles away, and that as a result he incurred food and lodging expenses that were not reimbursed. Id. at ¶¶ 2, 4. Plaintiff also claims that NCUA falsified examiners' duty stations and improperly deducted commuting time from travel time, contrary to the Federal Travel Regulation ("FTR"). Id. at ¶¶ 3, 5.[2]

---

[1]    The National Credit Union Administration is an independent agency that is part of the executive branch. 12 U.S.C. § 1752a(a) (2012).

[2]    Plaintiff previously filed two lawsuits in this Court in which he unsuccessfully sought reimbursement for other travel-related expenses. Corrigan v. United States, 68 Fed. Cl. 589, 596-601 (2005), aff'd, 223 F. App'x 968 (Fed. Cir. 2007) (per curiam); Corrigan v. United

Plaintiff alleges that NCUA has violated 5 U.S.C. §§ 5701-10 and 6101, as well as the FTR, 41 C.F.R. §§ 300-304, and appears to seek $21,600 for travel expenses for work performed in Seattle in November and December of 2015, and for "three years of travel time improperly deducted from official duty travel time as 'commute time.'"[3] Id. at 2. Plaintiff voluntarily retired from NCUA effective February 29, 2016. DA70.[4]

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate

---

States, 82 Fed. Cl. 301, 302, 308 (2008). Plaintiff also brought these same claims before the General Services Board of Contract Appeals; the Board denied the claims, and the United States Court of Appeals for the Federal Circuit affirmed the Board's decision. See Corrigan v. United States, 89 F. App'x 238, 239 (Fed. Cir. 2004).

[3]   Although Plaintiff did not state the amount of damages he seeks in his complaint, he requested $21,600 on the cover sheet filed with his complaint.

[4]   "DA" refers to the Appendix attached to Defendant's Motion to Dismiss.

source of substantive law that creates the right to money damages.") (internal quotations omitted).

Pursuant to Rule 8(a)(2) of the Rules of the United States Court of Federal Claims, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This is a context-specific analysis in which the court must "draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Plausibility requires more than a "sheer possibility," that a plaintiff has a right to relief - - the complaint must cross "the line from conceivable to plausible." Id.; Twombly, 550 U.S. at 570.

Plaintiff raises two claims. First, Plaintiff seeks reimbursement for "food and lodging per diem expenses" incurred during November and December 2015, after Plaintiff moved from Seattle, Washington, where his official duty station was located, to his current home about 70 miles away in Belfair, Washington. Second, Plaintiff seeks reimbursement for his commuting time during an unspecified three-year period. Plaintiff relies on the Federal Travel Regulation as the basis for his recovery on both claims but does not point to any provision of the FTR that would grant him the relief that he seeks.

Defendant argues that Plaintiff is challenging terms of the governing collective bargaining agreement ("CBA"), and that this CBA has an exclusive grievance procedure for resolving any grievance brought by an employee "relating to the employment of that employee." DA 63. As such, Defendant contends that Plaintiff cannot bring suit in this Court. This Court does not construe Plaintiff's claims as challenges to the terms of the CBA. Rather, interpreting this pro se Plaintiff's pleading in a light most favorable to him, the Court views Plaintiff's complaint as a claim for travel expenses authorized by the FTR but improperly denied by the agency. Because the FTR is money-mandating, jurisdiction in this Court is proper. Bailey v. United States, 52 Fed. Cl. 105, 109 (2002) ("The FTR, which provides that federal employees who are performing official travel are eligible to be reimbursed for transportation expenses is a money-mandating provision of law." (internal citations omitted)).

However, the FTR does not require or authorize reimbursement of per diem costs for travel between an employee's official duty station and his residence, or for commuting time. The FTR defines official travel as travel "under an official travel authorization <u>from an employee's official station or other authorized point of departure to a temporary duty location and return from a temporary duty location</u>, between two temporary duty locations, or <u>relocation at the direction of a Federal agency</u>." 41 C.F.R. § 300-3.1 (emphasis added). An employee's official station is the "area defined by the agency that includes the location where the employee regularly performs his or her duties . . . ." Id. The FTR further provides that per diem expenses are allowed when an employee performs official travel away from his official station, incurs such expenses while on official travel, and is in a travel status for more than 12 hours. Id. at § 301-11.1; Barnes v. Dep't of Justice, CBCA 4089-TRAV, 15-1 BCA ¶ 35,985. Here, Plaintiff seeks reimbursement for expenses incurred in commuting and what he denominates "traveling"

3

between his residence and official duty station - - not expenses incurred while he was in an official travel status. Such expenses may not be reimbursed. Ackerman v. Dep't of Agric., CBCA 3497-TRAV, 14-1 BCA ¶ 35,540 ("Typically, an agency is prohibited from paying for an employee to commute to and from his official duty station."); Chaney v. Soc. Sec. Admin., CBCA 3220-TRAV, 13 BCA ¶ 35,304 ("It is a longstanding rule that, because an employee's daily commute between his home and his office is personal, not official, business, agencies may not reimburse employees for their commuting expenses."); Gilbert v. Dep't of Navy, CBCA 2958-TRAV, 13 BCA ¶ 35,271 (finding that employee was not entitled to per diem costs because he had not shown that he was on a temporary duty assignment).

Because Plaintiff's official duty station during the November and December 2015 time period was Seattle, Plaintiff was not in official travel status at the time he allegedly incurred the expenses he is claiming. Although Plaintiff had requested that his official duty station be changed to Tacoma after he moved to his current residence, he does not allege that such a change occurred. Additionally, Plaintiff does not allege that he was relocated at his agency's direction. Rather, Plaintiff alleges that he "moved away from his previous duty station of Seattle, WA in 2015." Compl. ¶ 2.

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must state claim for relief that is plausible on its face. Twombly, 550 U.S. at 570. Plaintiff has not pointed to any provision of the FTR or other legal authority that authorizes the reimbursement of expenses for travel between his residence and his official duty station. Nor has Plaintiff invoked any legal authority that entitles him to reimbursement for commuting. As such, Plaintiff has failed to state a claim upon which relief can be granted.

## Conclusion

Defendant's motion to dismiss is **GRANTED IN PART**. The Clerk is directed to dismiss this action for failure to state a claim upon which relief can be granted.

*MaryEllen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge